# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THE OASIS AT MOSS PARK, LLC,

      **Plaintiff,**

v.                                                                              Case No:   6:17-cv-1224-Orl-18KRS

WESELY GAMBLE,

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)** |
| **FILED:** | **July 5, 2017** |

## I.   PROCEDURAL HISTORY.

On June 6, 2017, Plaintiff, The Oasis at Moss Park, LL ("Oasis"), filed a complaint in state court against Defendant, Wesely Gamble.  Doc. No. 2.  The state court action is an action to evict Gamble from property in Orange County, Florida, and is brought pursuant to the Florida Residential Landlord and Tenant Act (Fla. Stat. § 83.40 *et seq.*).  Procedurally, the complaint also invokes Florida's summary procedure rules (Fla. Stat. § 51.011 *et seq.*).  *Id.* ¶ 1.  In the complaint, Oasis alleges that it is the owner/landlord of a property located at 10907 Moss Park Road, Apt. No. 1031, Orlando, FL 32932 and that Gamble is obligated to pay rent each month to Oasis.  *Id.* ¶¶ 2-4.  Oasis alleges that Gamble failed to pay $1,300.00 in rent that was due on May 1, 2017, and that, thereafter,

it properly served Gamble with a three-day notice to pay rent or give possession. *Id.* ¶¶ 5-6. According to the complaint, Gamble did not do either, and Oasis elected to terminate Gamble's right to occupancy pursuant to the parties' lease agreement. *Id.* ¶¶ 5, 7. Accordingly, Oasis seeks a judgment against Gamble for possession of the property, costs, and attorney's fees. *Id.* at 1.

On July 5, 2017, Gamble filed a Notice of Removal in this Court. Doc. No. 1. In the Notice of Removal, he asserts that removal is proper because this Court has federal question jurisdiction over Oasis's state court action. Specifically, he states:

> [Oasis] has actually filed a Federal Question Action in Orange County Court . . . . The Complaint in this action was filed in Orange County Court as artful pleading, entitled by the County Court as "Residential Eviction". Pleadings intentionally fails to allege compliance with the Civil Rights Act of 1968. [Gamble] believes he has been deal with in a prejudicial manor as defendant is African-American and the Plaintiff is Caucasian . . . . The Federal Cause of Action in ejectment/eviction is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

*Id.* at 2-3. With his Notice of Removal, Gamble filed a motion to proceed *in forma pauperis* (Doc. No. 3), which has been referred to the undersigned. His motion is now ripe for review.

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing

*Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)) (cited as persuasive authority).   "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."   *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).   Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it.   *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### III.   ANALYSIS.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed."   Here, Gamble invokes 28 U.S.C. § 1331, which grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint."   *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (citation omitted).   "As a general rule, a case arises under federal law only if it is a federal law that creates the cause of action."   *Id.* (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)) (internal quotation mark omitted).   Consequently, there can be no federal-question removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim.   *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).[1]

In this case, Oasis's complaint does not allege a federal cause of action.   Instead, its action

---

[1] There are two exceptions to this general rule: (1) when Congress creates an explicit statutory ground for removal, and (2) when federal law completely preempts the state law in question.   *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).   Gamble does not allege that Congress has created an explicit statutory ground for removal of such claims or that federal law completely preempts the Florida Residential Landlord and Tenant Act.   In addition, I am not aware of any explicit statutory ground for removal of such claims or of any federal law that completely preempts such claims.

for eviction arises squarely under state law—the Florida Residential Landlord and Tenant Act. Doc. No. 2.  It appears that Gamble may believe that his eviction violates the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (which he refers to as the Civil Rights Act of 1968).  As explained above, however, any defenses or counterclaims he may raise in response to Oasis's lawsuit do not confer federal question removal jurisdiction on this Court.  *See, e.g.*, *Seven Springs Apartments v. Foxx*, No. 1:16-cv-0094-WSD, 2016 WL 632537, at \*1-2 (N.D. Ga. Feb. 16, 2016) (remanding dispossessory action initiated by landlord against tenant because it did not present a federal question, despite the fact that defendant tenant claimed that plaintiff landlord violated, among other rules, the Fair Housing Act); *Cara FL Props., LLC v. Richards*, No. 8:12-cv-12-T-33AEP, 2012 WL 45424, at \*2 (M.D. Fla. Jan. 9, 2012) (remanding action for eviction of holdover tenant because there was no federal question, despite the fact that defendant tenant claimed in his notice of removal that plaintiff landlord evicted him for reasons that violated the Fair Housing Act).[2]

In addition, I note that there are no allegations that would establish that this Court can exercise diversity jurisdiction over this case.  Gamble does not allege the citizenship of the parties[3],

---

[2] Although Gamble does not cite to 28 U.S.C. § 1443(1), I note that, in similar situations, some removing defendants have attempted to argue that a federal district court has subject matter jurisdiction under that statute, which provides that a civil action commenced in a State court may be removed if it is an action"[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." *See Seven Springs Apartments*, 2016 WL 632537, at \*2 n. 2.  To remove under § 1443(1), the movant must show that (1) the right upon which he relies arises under federal law, and (2) he has been denied or cannot enforce that right in the state courts.  *Id.* (citing *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).  Even assuming *arguendo* that Gamble could meet the first requirement, he has not alleged any facts that would show that he has been denied or cannot enforce his rights under the Fair Housing Act in the state court proceeding.  Thus, removal is not proper under § 1443(1).  *Id.* (citations omitted).

[3] I note, however, that Gamble appears to reside in Florida.  Doc. No. 1, at 4 (providing Florida address).  If he is a citizen of Florida for diversity purposes, then he may not remove the action under the forum-defendant rule.  *See* 28 U.S.C. § 1441(b).

- 4 -

and there is no indication that the amount in controversy exceeds $75,000[4], both of which are required to establish the propriety of diversity jurisdiction under 28 U.S.C. § 1332.

As the removing party, Gamble bears the burden of establishing subject matter jurisdiction. *Univ. of S. Ala.*, 168 F.3d at 411-412 (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).   Because Gamble has failed to demonstrate that the Court has federal question jurisdiction or diversity jurisdiction over this case, I recommend that the Court remand this case as having been improvidently removed unless Gamble demonstrates that this Court has diversity jurisdiction over this case within the time for objecting to this Report and Recommendation.

## IV.    RECOMMENDATION

For the reasons stated above, unless Gamble demonstrates that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 within the time for objecting to this Report and Recommendation, I **RESPECTFULLY RECOMMEND** that the Court **REMAND** this case for lack of subject-matter jurisdiction, **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 3) and **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 11, 2017.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[4] Indeed, the complaint alleges that Gamble owes only $1,300.00 in unpaid rent.   Doc. No. 2.

- 5 -